THE STATE OF OHIO, APPELLEE, *v.* LESTER, APPELLANT.

52

(No. 74-50—Decided February 5, 1975.)

*Mr. Lawrence S. Huffman,* prosecuting attorney, for appellee.

*Messrs. Bowers, White & Demeo* and *Mr. Anthony J. Bowers,* for appellant.

STERN, J. Appellant raises two claims for postconviction relief. The first claim is that, at the sentencing hearing, neither the court nor appellant's court-appointed attorneys properly informed him that, because he is indigent, if he desired to appeal his case to the Court of Appeals, the court would appoint counsel under R. C. 2941.50(B). Appellant seeks herein to raise this claim upon appeal from the denial of postconviction relief. In *State* v. *Benton* (1971), 27 Ohio St. 2d 87, we held that ''A convicted indigent defendant may not, in a postconviction proceeding, raise contentions that he was not informed of the procedure by which to appeal and of his right to court-appointed counsel for such an appeal.'' This claim is properly raised by way of motion for leave to appeal in a Court of Appeals (*State* v. *Sims* [1971], 27 Ohio St. 2d 79), and is not cognizable in an appeal from a denial of postconviction relief.

Appellant's second claim is that the Court of Common Pleas erred in dismissing the postconviction petition without appointing counsel to represent him and without filing findings of fact and conclusions of law. R. C. 2953.21, the Ohio statute for postconviction determination of constitutional rights, provides, in pertinent part:

''(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.

" " * * *

"(C) Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. Such court reporter's transcript if ordered and certified by the court shall be taxed as court costs. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal."

R. C. 2953.21 specifically requires the court to "determine whether there are substantive grounds for relief," and, if the court dismisses the petition, to "make and file findings of fact and conclusions of law with respect to such dismissal."

*State* v. *Perry* (1967), 10 Ohio St. 2d 175, sets out the mandatory duties imposed by R. C. 2953.21 upon trial courts. Paragraphs 1 through 4 of the syllabus of that case state:

"1. Unless a petition by a prisoner for postconviction relief under Section 2953.21 *et seq.,* Revised Code, and the files and records of the case show that the prisoner is entitled to no relief, the court must cause notice of the petition to be served on the prosecuting attorney, grant a hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"2. Where a petition for postconviction relief filed by counsel for a prisoner does not allege facts which, if proved, would entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition.

"3. Where a petition for postconviction relief filed by counsel for a prisoner does allege facts which, if proved, would entitle the prisoner to relief, but the files and records of the case negative the existence of facts sufficient to entitle the prisoner to relief, the trial court may so find

and summarily dismiss the petition; but, in such an instance, the finding of the court should specify the portions of the files and records which negative the existence of alleged facts that would otherwise entitle the prisoner to relief.

"4. A prisoner is entitled to postconviction relief under Section 2953.21 *et seq.,* Revised Code, only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution."

This statutory scheme requires the trial court to consider the allegations of the petition and the particular facts of a petitioner's case; if, upon such consideration, the trial court finds no grounds for a hearing the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition.

One basis for summary dismissal of a petition is the doctrine of *res judicata.* If the trial court finds, on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by *res judicata.* The determination of whether an issue is barred by *res judicata* largely involves a perusal of the facts of record, turning on such matters as the issues raised at trial and upon appeal, the availability of evidence and witnesses, and the jurisdiction of the trial court.* Thus, in accordance with the procedure set out in *State* v. *Perry, supra,* when a petition is summarily dismissed because all claims raised are barred by *res judicata,* the trial court should make and file findings of fact and conclusions of law with respect thereto, and, where appropriate, should specify the portions of the files and records which establish the bar of *res judicata.*

*Res judicata* does not however bar a claim of denial of effective representation of counsel. *State* v. *Juliano* (1970), 24 Ohio St. 2d 117.

Further, the general purpose of R. C. 2953.21 is to provide judicial review of the allegations raised in a prisoner's petition, in order to provide a remedy for violation of constitutional rights. This purpose requires that the trial court make a finding as to the substantive basis of each claim for relief contained in a petition. In addition, unless the trial court makes and files findings on all issues presented, appeals may well be piecemeal; the reversal of any dismissal could require the cause to be remanded to decide issues not considered by the trial court, while the reversal of the granting of relief upon one ground might be mooted by a later appeal upon some valid ground. A time-consuming series of appeals could well result which would be especially onerous for petitioners, since they continue to be imprisoned while claiming that their imprisonments are unconstitutional. For these reasons, the findings of the trial court should reply to each of a petitioner's substantive claims.

In the instant case, the prisoner's petition was dismissed by the trial court because "defendant never appealed his judgment of conviction nor attempted to exercise further appellate remedies available to him." The court apparently held the petition to be barred by *res judicata* because petitioner could have litigated his claims in an appeal. However, the court did not make and file findings of fact and conclusions of law with regard to this holding. For the reasons stated, this was error. The court also apparently did not consider the question of whether the petition was sufficient on its face, so as to require the appointment of counsel under R. C. 2953.24. That question is also one for the trial court upon remand.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings in accordance with this opinion.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Celebrezze, W. Brown and P. Brown, JJ., concur.