This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court denying the motion to vacate a void judgment filed by defendant-appellant, Joseph Reese, Jr.
Following a jury trial, appellant was found guilty of murder, in violation of R.C. 2903.02(A), along with an attendant firearm specification. The trial court rendered judgment on the jury verdict and appellant was sentenced to an indefinite incarceration term of not less than fifteen years nor more than life. Appellant filed a notice of appeal on May 27, 1988. This Court affirmed the jury verdict and the sentence rendered thereon by the trial court on June 21, 1989.
On September 4, 1997, appellant filed an emergency motion to vacate a void judgment. The basis of this motion was that the grand jury votes were not properly filed. On September 26, 1997, the trial court denied appellant's motion. It is from this decision that the within appeal emanates.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION TO VACATE A VOID JUDGMENT PURSUANT TO THE LINCOLN TAVERN. INC. V. SNADER, 165 OHIO CONSTITUTION ARTICLE I, SECTION 10, THEREBY IN VIOLATION OF OHIO CONSTITUTION ARTICLE I, SECTION 16, AND THE 14TH AMENDMENT TO THE U.S. CONSTITUTION."
Appellant cites to Article I, Section 10 and Article I, Section16 of the Ohio Constitution, along with the Fourteenth Amendment to the United States Constitution, in support of his proposition that the trial court erred in dismissing his motion to vacate a void judgment.
We previously addressed this same issue in State v.Parks(September 15, 1998), Jefferson County No. 96-JE-47, unreported, wherein this court affirmed the trial court's decision because appellant failed to timely file his post-conviction petition in accordance with Section 3, Am.Sub.S.B. No. 4 and failed to demonstrate any exemptions.
In Parks, supra, this court specifically addressed and reinforced the time limits in which a defendant has to file his petition for post-conviction relief as set forth in R.C. 2953.21
and as amended by 1995 Am.Sub.S.B. No. 4, as follows:
 "`Section 3. A person who seeks post-conviction relief pursuant to sections 2953.21
through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, [which is 180 days from the expiration of the time for filing an appeal] or within one year from [September 21, 1995,] the effective date of this act, whichever is later.'"
This amendment is applicable to appellant because he was convicted on May 3, 1988, prior to the amendment's effective date. Consequently, the later deadline for the filing of appellant's petition was one year from September 21, 1995. (See,State v. Schulte(1997), 118 Ohio App.3d 184; Statev. Tanner(May 13, 1998), Wayne App. No. 96CA0094, unreported; State v. Patton(May 1, 1998), Lucas App. No. L-97-1261, unreported; State v. Walker(May 1, 1998), Montgomery App. No. 16656, unreported; State v.Poindexter(Aug. 29, 1997), Hamilton App. No. C-960780, unreported.)
The record indicates that appellant filed for post-conviction relief on September 4, 1997. Given that appellant was convicted on May 3, 1988, he was required to file his petition by September 21, 1996. Pursuant to our previous ruling in Parks,supra, appellant's petition was not timely filed.
The trial court had no jurisdiction to consider an untimely filed petition unless appellant met the requirements of both R.C.2953.23(A)(1) and (2), which provides, in pertinent part:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief. [or]
 (b) * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. [and]
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
See State v. Bullard(Apr. B, 1998), Summit No. 18312, unreported. See, also, Patton, Walker, and Poindexter,supra.
As in Parks, supra, appellant has failed to set forth any evidence to satisfy R.C. 2953.23(A)(2). Appellant was not unavoidably prevented from discovery of facts nor was there a new federal or state right that applied retroactively to appellant in this case. Appellant further made no mention of any clear and convincing evidence which would tend to show that he would be found not guilty of murder if not for the alleged occurrence of certain constitutional errors. Clear and convincing evidence is defined as that evidence which produces a firm belief that a defendant is not guilty. See In re Election of November 6,1990 for the Office of the Attorney General of Ohio(1991),58 Ohio St.3d 103, 106.
Even assuming arguendo that we were able to reach the merits of appellant's argument on appeal, same would nonetheless fail as it is not well-taken.
Although appellant's brief on appeal is convoluted and difficult to understand, he purportedly claims that the trial court lacked jurisdiction to enter a judgment of conviction against him. Appellant bases his contention upon the belief that the grand jury had an inadequate number of votes to support his indictment. As a result, appellant maintains that his due process rights were violated. Appellant argues that if the grand jury voting record was not properly filed, such failure would render his conviction void. Citing to The Lincoln Tavern, Inc. v.Snader, et al.(1956), 165 Ohio St. 61, appellant argues that the lack of an adequate number of grand jury votes to support an indictment constitutes a fundamental defect which cannot be waived and constitutes plain error, thereby affecting a substantial right. Appellant concludes that the trial court had knowledge of the fundamental defect at issue and as such, abused its discretion in denying his motion to vacate a void judgment.
Appellant further complains that compounding the abuse of discretion on the part of the trial court in denying his motion, was the fact that the trial court denied him due process of law in failing to provide him with an opportunity to be heard on his motion.
The entire basis of appellant's claim lacks merit. Crim.R. 6 (C) provides that the foreman of a grand jury is required to keep a voting record. and is further required to file this record with the court. In State v. Williams(1997), 79 Ohio St.3d 1, the Ohio Supreme Court held that the failure to follow statutory grand jury procedure does not automatically require the reversal of a conviction. The Ohio Supreme Court further emphasized that an irregularity in procedure does not mandate a reversal of a conviction if a substantive right is not affected.Williams, supra at 16.
Appellant's assertion that the trial court erred in denying his motion to vacate a void judgment, as well as his contention that his constitutional rights were violated, are not supported by the evidence as set forth in the record. Appellant fails to point to any specific manner in which the alleged failure to file the grand jury votes constituted prejudice towards him.
Appellant has further waived any right to pursue this claim. Appellant was convicted on May 3, 1988. Appellant appealed such conviction to this court and we affirmed same. It is well settled that the failure to present and argue an error in the lower court results in a waiver of such error before an appellate court.State v. Williams(1996), 74 Ohio St.3d 569. The Ohio Supreme Court has repeatedly determined that the failure to raise an alleged error at the trial court level results in the waiver of such issue on appeal. Williams, supra; State v.Phillips(1971), 27 Ohio St.2d 294. This rule holds true even if the alleged error addresses a constitutional issue.Wooster v. Graines(1990), 52 Ohio St.3d 180, 185. The failure to raise an alleged error in the trial court and on direct appeal results in a deviation from this state's orderly procedure and will not now be heard for the first time. Statev. Smith(1991), 61 Ohio St.3d 284, 293. Finally, inState v. Perry(1967), 10 Ohio St.2d 175, the Ohio Supreme Court has held that the doctrine of res judicata bars any claims that were raised or could have been raised on direct appeal. It is clear that any claims regarding grand jury procedure should have been raised at trial or on appellant's direct appeal following his conviction. Consequently, resjudicata bars pursuit of this issue.
Although appellant is proceeding pro se, such pro se litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First Natl. Bank(1981),3 Ohio App.3d 209. (See also Dawson et al. v. Pauline Homes,Inc., et al.(1958), 107 Ohio App. 90). This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. "Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." State ex rel. Karmasu v.Tate(1992), 83 Ohio App.3d 199, 206. This court will not become appellate counsel for pro se litigants.
Finally, with regards to appellant's complaint that the trial court erred in failing to grant him an opportunity to be heard on his motion to vacate a void judgment, this court has previously ruled on this issue in State v. Smith(Dec. 11, 1997), Jefferson App. No. 96-JE-44, unreported.
Before granting an evidentiary hearing on a petition for post-conviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). If the trial court does not find grounds for granting relief, it must make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. R.C. 2953.21(G).
As we stated in Smith, supra:
 "R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition. See State v. Jackson(1980), 64 Ohio St.2d 107, 110. The Ohio Supreme Court interpreted R.C. 2953.21 and the necessity for a hearing in State v. Lester(1975), 41 Ohio St.2d 51:
 "`R.C. 2953.21 requires the trial court to consider the allegations of the petition for post-conviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition.' Id. at paragraph two of the syllabus.
 "Thus, the trial court must determine if a hearing is warranted based upon the petition, supporting affidavits, and all of the files and records pertaining to the proceedings. A trial court's decision regarding whether or not to conduct an evidentiary hearing in post-conviction matters is governed by the `abuse of discretion' standard. See State ex rel. Richard v. Seidner(1996), 76 Ohio St.3d 149."
Based upon appellant's petition, the records pertaining to the proceedings and the trial court's judgment entry filed September 26, 1997, it cannot be said that the trial court abused its discretion in denying appellant's motion to vacate a void judgment or in denying appellant an evidentiary hearing on said motion.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J, concurs.
WAITE, J., concurs.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE