ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Petitioner-appellant Michael Sneed ("appellant") appeals from the denial of his petition for post-conviction relief.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED WHEN IT APPLIED THE DOCTRINE OF RES JUDICATA TO APPELLANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THE EVIDENCE IN SUPPORT OF THE CLAIMS WERE * * * AFFIDAVITS AND POLICE REPORTS ATTACHED TO THE SUPPLEMENTAL PETITION WHICH CONTAINED SUFFICIENT OPERATIVE FACTS DEMONSTRATING COUNSEL'S PREJUDICIAL PERFORMANCE AND IS EVIDENCE DE HORS THE RECORD.
 II. THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S PETITION FOR POST CONVICTION RELIEF AND SUPPLEMENTAL MOTION [CIV.R. 15(E)] WITHOUT ISSUING ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ADDRESSING EACH CLAIM RAISED, WHERE HAD THE TRIAL COURT CONSIDERED EACH CLAIM SEPARATE FROM THE OTHERS IT WOULD HAVE FOUND THAT ITS APPLICATION OF RES JUDICATA WAS MISPLACED WITH REGARD TO CLAIMS THAT COUNSEL FAILED TO INVESTIGATE AND PREPARE [ADEQUATELY] FOR TRIAL.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On September 30, 1997, appellant pled guilty to two counts of aggravated vehicular homicide (R.C. 2903.06), five counts of aggravated vehicular assault (R.C. 2903.08), and one count of aggravated vehicular assault (R.C. 2903.08), and one count of driving under the influence (R.C. 4511.19). All of the counts contained a DUI specification (R.C. 2903.07). No direct appeal was taken from the conviction. The trial court denied appellant's motion to withdraw his guilty plea. Appellant's motion for leave to file a delayed appeal was denied.
On April 13, 1998, appellant filed a petition for post-conviction relief. In his petition, appellant raised numerous assertions of ineffective assistance of counsel, objected to his sentence, and claimed that the trial court did not comply with Crim.R. 11. Appellant attached letters from his sister and mother in support of his petition. In the letters, appellant's sister and mother averred that appellant's attorney did not respond adequately to their concerns following appellant's entry of a guilty plea and primarily was interested in his fee. The state filed a motion to dismiss. Appellant then filed a motion to supplement his petition in which appellant attached the police reports regarding the accident. The trial court denied appellant's motion to supplement his post-conviction relief petition.
The trial court denied appellant's petition for post-conviction relief and issued findings of fact and conclusions of law. The trial court determined that appellant's claims regarding sentencing, the adequacy off compliance with Crim.R. 11, and the discussion of the range of possible sentences appellant faced were barred by res judicata. The trial court found that appellant did not offer any credible evidence in support of his claims regarding a conflict of interest between appellant and his attorney, of ineffective assistance of counsel, and of failure of counsel to investigate the case. Appellant has appealed from that ruling.
 II.
In his first assignment of error, appellant contends the trial court erred by not considering the evidence attached to appellant's supplemental petition. That evidence consisted of police reports regarding the accident. Appellant asserts that his attorney's failure to investigate these police reports constituted ineffective assistance of counsel.
R.C. 2953.21(F) provides:
 At any time before the answer or motion is filed, the petitioner may amend his petition with or without leave or prejudice to the proceedings. The petitioner may amend his petition with leave of court at any time thereafter.
Because the state had replied to the post-conviction relief petition, appellant only could have supplemented his petition with leave of the trial court. The trial court denied appellant leave to supplement his petition. The decision whether to grant or deny leave to amend or supplement lies within the trial court's discretion and will not be overturned by a reviewing court absent an abuse of that discretion. State v. Stansberry (Nov. 13, 1997), Cuyahoga App. No. 71187, unreported. An abuse of discretion is more than an error of law or judgment. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469.
The trial court did not abuse its discretion by denying appellant leave to supplement his petition. The evidence attached to the petition consisted of police reports which are not discoverable under Crim.R. 16. A petitioner in a post-conviction relief action is not entitled to any discovery beyond that authorized by Crim.R. 16. State ex rel. Steckman v. Jackson
(1994), 70 Ohio St.3d 420; State v. Woodard (Jan. 22, 1998), Cuyahoga App. No. 71912, unreported. Appellant could not have used the police reports at trial. Therefore, the trial court was precluded from considering this evidence in support of a post-conviction relief petition. The evidence is not properly before this court and any argument of appellant's based upon the police reports will be disregarded.
Appellant's first assignment of error lacks merit.
 III.
Appellant's second assignment of error challenges the sufficiency of the trial court's findings of fact and conclusions of law. Primarily, appellant argues that the findings of fact and conclusions of law reflect that the trial court failed to consider the evidence attached to appellant's supplemental petition. This court already has stated it will not consider any argument based upon the police reports as that evidence is not properly before this court. Appellant's entire argument in this assignment of error is based upon the police reports and will be disregarded.
When a trial court denies a petition for post-conviction relief without a hearing, the trial court must issue findings of fact and conclusions of law. R.C. 2953.21(C). Those findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the grounds on which the trial court reached its decision. State v. Lester
(1975), 41 Ohio St.2d 51, paragraph two of the syllabus. A review of the trial court's findings of fact and conclusions of law shows that the trial court rendered findings on each of appellant's contentions sufficient for adequate review by this court.
Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and PATRICIA A. BLACKMON, J.CONCUR.
 __________________________________ LEO M. SPELLACY JUDGE