DECISION
A Franklin County Court of Common Pleas jury found defendant-appellant, George J. Heer, Jr., guilty of one count of theft and three counts of failing to file state income tax returns. The trial court ordered appellant to serve consecutive sentences of five to fifteen years on the theft count and eighteen months on each of the remaining three counts. The court also ordered appellant to pay costs of the prosecution and restitution in the amount of $875,940 to the estate of Winifred Turner. This court affirmed the decision of the trial court on direct appeal inState v. Heer (Sept. 24, 1998), Franklin App. No. 97APA12-1670, unreported (1998 Opinions 4464). The Ohio Supreme Court dismissed appellant's appeal in State v. Heer (1999), 84 Ohio St.3d 1501.
On September 3, 1998, appellant filed a petition for post-conviction relief with the trial court. In the petition, appellant alleges that, because his trial counsel failed to present a defense, appellant was denied effective assistance of counsel. Specifically, appellant states that his trial counsel conducted no pretrial discovery; filed no pretrial motions; presented no defense at trial; failed to convey proposed plea agreements; failed to object to the state's opening statement, closing argument, and submitted jury verdict forms; and failed to request proper jury instructions and jury verdict forms. In support of the above allegations, appellant submitted the affidavits of Turner and Sean Boyle, an attorney.
The trial court found that the doctrine of res judicata
barred appellant's ineffective assistance of counsel claim and dismissed appellant's post-conviction relief petition without holding a hearing. Appellant's appeal from this decision is presently before this court.
Appellant asserts the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT DENIED MR. HEER'S MOTION FOR POST-CONVICTION RELIEF WITHOUT A HEARING.
Any person convicted of a criminal offense who claims that the judgment is void or voidable due to a violation of a constitutional right may file a petition for post-conviction relief in the court that imposed sentence. R.C. 2953.21(A)(1). The petition may include supporting affidavits and other documentary evidence. Id. The court is not required to hold a hearing unless it determines there are substantive grounds for relief. R.C. 2953.21(C); State v. Calhoun (1999), 86 Ohio St.3d 279,282-283. If the court dismisses a petition without a hearing because it finds no substantive grounds for relief, it must file findings of fact and conclusions of law. R.C. 2953.21(C).
When a petition for post-conviction relief is based on allegations of ineffective assistance of counsel, to establish a right to a hearing, the petitioner must proffer evidence "containing sufficient operative facts" that, if believed, would establish both that trial counsel was incompetent and that counsel's ineffectiveness prejudiced the defense. State v.Jackson (1980), 64 Ohio St.2d 107, syllabus.
When a defendant had new counsel on direct appeal and the issue of the effectiveness of trial counsel could fairly have been determined without considering evidence outside the record, the petition for post-conviction relief may properly be dismissed based on the doctrine of res judicata. State v. Cole (1982),2 Ohio St.3d 112, syllabus.
To get past the bar of res judicata, a post-conviction relief petition must include materials in support of the claim that are not part of the original record and that show petitioner could not have brought the constitutional claim based on information in the original record. State v. Combs (1994),100 Ohio App.3d 90, 97. In turn, this evidence must meet a "`threshold standard of cogency,'" evidence whose significance is marginal falls below this threshold. State v. Lawson (1995),103 Ohio App.3d 307, 315.
When the court dismisses a petition based on resjudicata, the court should make and file findings of fact and conclusions of law, and, when appropriate, should identify where in the record the bar of res judicata is established. State v.Lester (1975), 41 Ohio St.2d 51, 55.
Appellant asserts that the trial court erred when it dismissed his petition without a hearing based on its determination that every claim he raised was barred by resjudicata. Appellant asserts that he submitted evidence outside the record with his petition that demonstrated a colorable claim that he had been denied effective assistance of counsel and, thus, had established his entitlement to a hearing. Specifically, appellant cites to the affidavits of Boyle, a criminal defense attorney, and Turner, the theft victim in the case against him. Turner was deceased at the time of the trial.
In his affidavit, Boyle opines that trial counsel's failure to call witnesses to testify as to appellant's character and the close relationship between appellant and Turner, and to produce evidence regarding Turner's mental health after promising to do so in his opening statement, rendered trial counsel's performance ineffective. In her October 1995 affidavit, Turner stated that appellant began helping her manage her affairs in 1983, and in 1989 assumed total responsibility for managing her affairs. She further stated that, since 1989, appellant has charged a fee for his services, that he informed her the total amount paid to him is approximately $300,000 and that this amount seemed correct.
In addition to his contention that the trial court erred when it found that res judicata barred all of his claims in support of ineffective assistance of counsel, appellant contends that the trial court failed to point to the specific portions of the files and records that establish the bar of res judicata.
Turning first to Turner's affidavit which appellant alleges ratifies his acts, this potentially exculpatory piece of evidence is not part of the original record. Consequently, resjudicata would not bar a claim that trial counsel provided ineffective assistance of counsel based on his failure to introduce Turner's affidavit into the record.
Evid.R. 804(B)(5) governs the admission of statements of a deceased person. Under this rule, the statement of a decedent is admissible when the decedent's estate is a party and the statement is offered to rebut testimony by an adverse party on a matter which was within the decedent's knowledge. Because Turner's estate was not a party to the action against appellant, her affidavit would have been inadmissible hearsay. Alternatively, at trial, the state presented evidence that, from March 1989 through the end of 1995, more than $875,000 was transferred from Turner's checking account into appellant's personal accounts. At best, Turner's affidavit authorized the transfer of $300,000 to appellant's personal accounts from 1989 to the time of her affidavit, October 31, 1995, still leaving a large portion of her assets unaccounted. Consequently, trial counsel's failure to attempt to introduce the affidavit of Turner did not constitute ineffective assistance of counsel.
As to trial counsel's stated plans made in opening argument to call witnesses to testify as to appellant's good character and the close relationship between appellant and Turner, and to provide evidence addressing Turner's mental health, this court is unclear whether appellant's theory of prejudice is based upon counsel's failure to follow through with the defense plan he outlined to the jury, or if it is based on counsel's failure to elicit testimony that could have resulted in the jury finding him not guilty of the theft charge.
If appellant's theory is that the failure to call witnesses after committing to do so during opening statements constituted ineffective assistance of counsel, this argument could have been made on evidence in the original trial record and is barred by res judicata.
On the other hand, if appellant is arguing that he was prejudiced because defense counsel did not call witnesses to testify as to appellant's character, to his relationship with Turner, and Turner's state of mind, appellant has failed to submit evidence demonstrating what this omitted testimony and evidence would have stated. Because appellant's petition does not include evidence "containing sufficient operative facts" to establish that trial counsel was ineffective and that appellant was prejudiced, appellant has not established his right to a hearing on his petition. Jackson, at syllabus.
Accordingly, although appellant proffered evidence outside the original record to support his claim, the quality of the evidence lacked a sufficient level of cogency to surpass the bar of res judicata.
For the above reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN, J., and LAZARUS, P.J., concur.