OPINION
Appellant Walter Jacks, Sr. appeals the decision of the Licking County Court of Common Pleas that dismissed his petition for postconviction relief filed pursuant to R.C. 2953.21. The following facts give rise to this appeal. On September 28, 1995, the Licking County Grand Jury indicted appellant for one count of rape, two counts of sexual battery and one count of corruption of a minor. Appellant entered a plea of not guilty. This matter proceeded to trial on November 30, 1995. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant accordingly. Appellant appealed his conviction on December 28, 1995. We affirmed appellant's conviction on October 31, 1996. Thereafter, on November 12, 1996, appellant filed a "Petition for Judicial Notice of Plain Error" and "Petition to Correct Sentence." The trial court overruled appellant's petitions on December 23, 1996. On January 8, 1997, appellant filed a notice of appeal challenging the trial court's decision to overrule his petitions. We affirmed the trial court's decision, overruling appellant's petitions, on July 23, 1997. On August 9, 1997, appellant filed a "Petition to Vacate or Set Aside Sentence and Conviction" pursuant to R.C. 2953.21. The trial court dismissed appellant's petition for postconviction relief, without conducting a hearing, on September 7, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE TRIAL COURT ERRED BY DISMISSING WITHOUT AN EVIDENTIARY HEARING, APPELLANT'S POSTCONVICTION PETITION ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL WHEN APPELLANT HAD SUBMITTED EVIDENTIARY DOCUMENTS DEHOR DEHOR (SIC) THE TRIAL RECORD CONTAINING SUFFICIENT OPERATIVE FACTS TO DEMONSTRATE INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLANT (SIC) COUNSEL, AND THE FILES AND RECORDS IN THE CASE DID NOT NEGATE APPELLANT'S CONSTITUTIONAL CLAIMS AND APPELLEE FAILED TO MOVE FOR SUMMARY JUDGMENT OR SUBMIT EVIDENCE TO UNDERMINE APPELLANT'S CLAIM. THE TRIAL COURT THEREBY VIOLATED APPELLANT'S STATUTORY RIGHTS GRANTED BY R.C. 2953.21 AND DEPRIVED HIM OF DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE (SIC) OF COUNSEL AND THE RIGHT TO PRESENT HIS CLAIMS FAIRLY IN THE CONTEXT OF THE STATE'S APPELLATE PROCESS IN VIOLATION OF ARTICLE I, SECTION 10 16 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE'S CONSTITUTION.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR WHEN IT DENIED APPELLANT A FAIR AND IMPARTIAL CONSIDERATION ON HIS POSTCONVICTION PETITION BASED SOLELY UPON THE STATE'S ABSURD AND UNTIMELY RESPONSE WHEN APPELLEE FAILED TO FILE A MOTION ASSERTING EXCUSABLE NEGLECT OR PROOF OF SAME PURSUANT TO CIV.R. 6(B)(2), AND APPELLANT WAS NOT PROVIDED AN AMPLE OPPORTUNITY TO REPLY IN OPPOSITION, AND/OR MOTION TO STRIKE PURSUANT TO CIV.R. 12(F), THEREFORE THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS GUARANTEED BY ARTICLE I SECTIONS 10 16 OF THE OHIO CONSTITUTION AND SECTION I OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR WHEN IT FAILED TO FILE FINDINGS OF FACTS (SIC) AND CONCLUSIONS OF LAW ON APPELLANT'S CLAIMS AS MANDATED BY OHIO REVISED CODE 2953.21.
 III
We will address appellant's Third Assignment of Error first as we find it dispositive of this matter on appeal. Appellant contends, in his Third Assignment of Error, that the trial court erred when it failed to issue findings of fact and conclusions of law when it dismissed his petition for postconviction relief. We agree. Pursuant to R.C. 2953.21(C), when a trial court denies a petition for postconviction relief without a hearing, the trial court must issue findings of fact and conclusions of law. The findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the grounds on which the trial court reached its decision. State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus. In the case sub judice, the trial court did not make any findings of fact and conclusions of law. We therefore reverse and remand this matter, to the trial court, for the court to make findings of fact and conclusions of law in support of its decision to dismiss appellant's petition for postconviction relief. Appellant's Third Assignment of Error is sustained. We will not address appellant's First and Second Assignments of Error as they are moot based on our disposition of appellant's Third Assignment of Error. For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
_________________________________ WISE, J.
GWIN, P.J., CONCURS. HOFFMAN, J., DISSENTS.