Defendant-Appellant, Anthony J. Addison, brings this pro se
appeal from a judgment of the Court of Common Pleas of Hancock County dismissing his petition for post-conviction relief without a hearing. After reviewing the arguments advanced on appeal, we affirm the judgment of the trial court.
The record reflects that on November 3, 1998, the Hancock County Grand Jury issued a multi-count indictment against Appellant for his participation in the events occurring on October 9, 1998 in Findlay, Ohio. The indictment charged Appellant with three counts of aggravated robbery; three counts of kidnapping; and three counts of felonious assault. Each charge carried a separate firearm specification.
Appellant initially entered not guilty pleas to all nine counts contained in the indictment. However, subsequent negotiations with the State of Ohio prompted Appellant to withdraw his prior plea and plead guilty to the three counts of aggravated robbery, along with one count each of kidnapping and felonious assault. In exchange for the guilty plea, the prosecuting attorney dismissed the remaining charges and all firearm specifications. The court accepted the plea agreement in a March 10, 1999 judgment entry. Sentencing was delayed to allow for the preparation of a presentence investigation report.
Thereafter, the court held a hearing on sentencing on May 19, 1999. After considering the statutes and making the necessary findings in order to impose a felony sentence, the court ordered Appellant to serve four years in prison on each of the aggravated robbery convictions; these terms were ordered to run concurrent with each other. The court then sentenced Appellant to four years on the kidnapping charge, and seven years on the felonious assault conviction. The latter terms were ordered to run consecutive to each other and to the sentences imposed on the robbery charges for a total aggregate term of fifteen years.
Appellant did not file a direct appeal to this court. Instead, he filed a November 9, 1999 petition for post-conviction relief, setting forth various claims of ineffective assistance of counsel. The State of Ohio responded by filing a motion to dismiss on the grounds that each of Appellant's claims were barred by the doctrine of res judicata. In reviewing the petition, supporting documentation, and the record, including the transcripts from the plea and sentencing hearings, the trial court found in a December 23, 1999 judgment entry that Appellant's claims were either barred by res judicata or without merit so as to render a hearing on the issues pointless. It is from this judgment that Appellant now appeals, asserting three assignments of error, which we have chosen to address together.
 I. The trial court erred in dismissing Appellant's petition on the merits, that is, facts and law required granting of relief in this particular case.
 II. The trial court erred in granting the state's motion to dismiss in that Appellant presented sufficient operative facts to avoid State's 12(B)(6) motion.
 III. Appellant's claims are not barred by the doctrine of res judicata.
R.C. 2953.21 et seq. governs the filing of petitions for post-conviction relief. This statute provides, in relevant part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript.
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *.
* * *
 (G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. * * *.
A petition for post-conviction relief is a collateral attack on judgments of conviction claimed to be void or voidable under either the federal or state constitutions. See, e.g., State v.Lester (1975), 41 Ohio St.2d 51, 65, 322 N.E.2d 656. The proceeding is not to be utilized as an alternative or substitute to a direct appeal. State v. Chaiffetz (Sept. 15, 1999), Marion App. No. 9-99-23, unreported. The law in Ohio is well-settled that any claim that was raised or could have been raised at trial or on direct appeal is barred by the doctrine of res judicata in a post-conviction setting. State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104, syllabus. In contrast, claims based upon evidence that is outside the record and, thus, could not possibly have been presented in the original proceedings, are not subject to the effects of resjudicata. Chaiffetz, supra, citing State v. Cole (1982),2 Ohio St.3d 112, 114, 443 N.E.2d 169.
Moreover, an evidentiary hearing is not necessarily granted upon the filing of a petition for post-conviction relief. See, also, State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819. Rather, the test is whether the court has been presented with substantive grounds for relief so as to warrant a hearing on the matter. Id. "Self-serving and conclusory statements, without evidence to support the allegations, are insufficient and do not require the court to conduct an evidentiary hearing." Chaiffetz,supra, at * * 2.
Herein, the trial court found an evidentiary hearing unnecessary because Appellant's claims were either wholly without merit or barred by res judicata. For the following reasons, we agree with the trial court's assessment.
Appellant's petition for post-conviction relief sets forth three separate bases for the general assertion that he was denied the right to the effective assistance of counsel during the trial court proceedings. We will first address Appellant's claim that his trial attorney was ineffective because he failed to inform Appellant of his right to appeal the felony sentence imposed. We note that Appellant attached his own affidavit to the petition, which stated that he "had no idea that [he] could in fact appeal [the] conviction and sentence." The trial court, however, found the allegation meritless since the transcript from the plea hearing indicates that the court informed Appellant that he might have a right to an appeal, depending upon the type of sentence imposed. More significantly, the transcript from the sentencing hearing reflects that the judge clearly advised Appellant that he had a right to file an appeal within thirty days. Based upon this evidence, we agree with the trial court's finding.
We next turn to Appellant's claim that his trial attorney was ineffective because he coerced Appellant to plead guilty on the false promise that the aggregate sentence would be no more than five years. Similar to the previous allegation, the trial court rejected this claim because the transcripts from both the plea and sentencing hearings reflect otherwise. Indeed, the transcript from the plea hearing indicates that the trial court engaged in a lengthy dialogue in order to explain the possible range of sentences that could be imposed, and the difference between concurrent and consecutive terms. Appellant stated that he fully understood the court's explanation. In addition, the transcript of the sentencing hearing denotes that after the court imposed the fifteen year prison term, Appellant never voiced any objections, or asked if he could speak with his attorney. Based upon this evidence, we likewise find this particular claim to be without merit.
Finally, Appellant's third allegation states that his attorney was ineffective due to the failure to request the court to merge the kidnapping charge with the aggravated robbery convictions. Since Appellant could have raised this issue at the trial level or in a direct appeal, we find that res judicata precludes us from considering the matter in a post-conviction proceeding. SeePerry, supra.
For these reasons, Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 ________________________ WALTERS, J.
HADLEY, P.J., and SHAW, J., concur.