OPINION
This appeal is from the October 18, 2001 judgment entry of the Common Pleas Court of Hancock County, Ohio, overruling the appellant's petition for post conviction relief and the appellant's motion for summary judgment.
The relevant facts of this case are as follows. The appellant, Danny Caudill, was convicted and sentenced on two counts of possession of drugs, two counts of engaging in a pattern of corrupt activity, and two counts of funding drug or marijuana trafficking. Caudill was sentenced to an aggregate term of thirty-one years. Caudill timely appealed that judgment to this Court, which affirmed the judgment in part and reversed it in part for having sentenced Caudill under the sentencing guidelines in effect for offenses committed prior to July 1, 1996, on one of the counts for engaging in a pattern of corrupt activity. State v. Caudill
(Dec. 2, 1998), Hancock App. No. 05-97-35, unreported, 1998 WL 833729. Thus, the case was remanded to the trial court for re-sentencing. Thereafter, the appellee, the State of Ohio, moved to dismiss the count upon which the case was reversed and remanded. Accordingly, the trial court dismissed that count with prejudice on May 26, 1999.
On June 15, 2001, Caudill filed a petition for post-conviction relief. In support of this petition, Caudill maintained that his constitutional rights to a speedy trial were violated. In addition, Caudill contended that the State failed to establish an essential element of the charged offense of conspiracy, R.C. 2923.01, because the testimonial evidence presented on behalf of the State was insufficient. Caudill further alleged that the evidence did not demonstrate the commission of a crime in Ohio, but rather, the evidence showed that the offense occurred in Kentucky. Lastly, Caudill asserted that the State withheld evidence that would demonstrate that he had not entered into any criminal agreement with others.
On July 21, 2001, the trial court filed a judgment entry, ordering the State to file a responsive pleading to Caudill's post-conviction petition on or before June 29, 2001. The State filed its response to the petition on July 21, 2001. On August 1, 2001, Caudill filed a motion for summary judgment. The trial court overruled Caudill's petition for post-conviction relief and his motion for summary judgment on October 17, 2001. This appeal followed, and Caudill now asserts three assignments of error.
 TRIAL COURT COMMITED (sic) PREJUDICIAL ERROR IN FAILING TO FILE A FINDINGS OF FACTS AND CONCLUSIONS OF LAW AS REQUIRED BY R.C. 2953.21(C)(G), WITH REGARDS TO THE APPELLANT UNITED STATES CONSTITUTIONAL CLAIMS UNDER 2953.23(a)(2).
 TRIAL COURT COMMITED (sic) PREJUDICIAL ERROR IN FAILING TO FILE A FINDINGS OF FACTS AND CONCLUSIONS OF LAW AS REQUIRED BY R.C. 2953.21(C)(G) AND R.C. 2953.23(A)(2) WITH REGARDS IN DISMISSING THE APPELLANT POSTCONVICTION RELIEF UNDER DOCTRINE OF RES JUDICATA UNDER STATE V. PERRY 10 OHIO ST.2d 175 WHEN THE TRIAL RECORDS OR FILES DOES NOT SUPPORT (sic) SUCH A DISMISSAL.
 TRIAL COURT COMMITED (sic) PREJUDICIAL ERROR IN OVERRULING APPELLANT MOTION FOR SUMMARY JUDGMENT UNDER CIV.R. 56(C) AND R.C. 2953.21(D) WHEN THE APPELLEE FAILED TO FILE A RESPONSE TO THE APPELLANT MOTION FOR DIRECT JUDGMENT. ALSO, TRIAL COURT FAILED TO FILE FINDINGS OF FACTS AND CONCLUSIONS OF LAW AS REQUIRED BY R.C. 2953.21(C)(G) WITH REGARDS TO SUCH DISMISSAL OF SUMMARY JUDGMENT.
As these three assignments of error relate, they will be addressed together.
Ohio statutory law provides that a person convicted of a criminal offense may file a petition for post-conviction relief in the sentencing court, asking that court to vacate or set aside the judgment or sentence, if the petitioner "claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable" under either the Ohio or United States Constitutions. R.C.2953.21(A)(1). However, this statute requires that the post-conviction relief petition be filed within 180 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" R.C. 2953.21(A)(2). The statute further provides that "the prosecuting attorney shall respond by answer or motion" within ten days of the filing of the petition. R.C. 2953.21(D). Nevertheless, the trial court may extend the prosecutor's time for filing a response for good cause shown. Id. In addition, either party may move for summary judgment within twenty days of the petition's filing. Id.
If a trial court, upon considering a timely filed petition, finds that a dismissal of the petition is warranted, that court "shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(C). However, a trial court is prohibited from "entertain[ing] a petition filed after the expiration of the period prescribed in division (A)" of Revised Code section 2953.21. Despite the mandated time period of 180 days, a trial court may consider such a petition if "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or the United States Supreme Court has recognized a new federal or state right retroactively applicable to the petitioner's situation. R.C. 2953.23(A)(1)(a), (b). However, a petitioner who has untimely filed his petition must also show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A)(2).
The trial court's judgment entry reflects that the court found that the trial transcript was filed on April 13, 1998. This finding is supported by the record, and Caudill does not dispute the date on which the transcript was filed. The court also found that R.C. 2953.21 requires a petitioner to file his petition within 180 days from the date that the transcript is filed. Thus, the court concluded that Caudill, having filed his petition on June 15, 2001, did not timely file his petition. Furthermore, the court found that Caudill did not meet the statutory requirements of R.C. 2953.23, which are necessary for the court to consider an untimely petition, as Caudill failed to show how, but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses with which he was charged. Based upon the statements contained within the trial court's judgment entry, this Court finds that the trial court made the mandatory findings of fact and conclusions of law in support of its dismissal of the petition for untimeliness although the entry was not labeled as such.
This Court also notes that the trial court further found that the claims raised in the petition were barred by the doctrine of res judicata because they were either decided by this Court in the direct appeal or could have been raised on direct appeal and were not. However, "when a petition is summarily dismissed because all claims raised are barred by res judicata, the trial court should make and file findings of fact and conclusions of law with respect thereto, and, where appropriate, should specify the portions of the files and records which establish the bar of res judicata." State v. Lester (1975), 41 Ohio St.2d 51, 55. The trial court did not make the required findings of fact and conclusions of law as to exactly what claims were barred and, specifically, why they were barred by res judicata. Despite this error on the part of the trial court, we find that the trial court's decision that the petition was time barred was an independently sufficient reason for dismissing the petition, and, as noted above, was supported in this regard by sufficient findings of fact and conclusions of law.
As for the trial court's decision to overrule the motion for summary judgment, we do not find that it acted erroneously. Although the prosecutor did not respond to the motion for summary judgment, we previously noted that the record reflects that the petition was time barred. Thus, Caudill failed to meet his burden of demonstrating that he was entitled to judgment as a matter of law.
For these reasons, all three assignments of error are overruled, and the judgment of the Common Pleas Court of Hancock County, Ohio is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.