OPINION
William K. Sapp appeals from the trial court's January 10, 2002, judgment entry denying his petition for post-conviction relief. In two related assignments of error, Sapp argues that we must remand the above-captioned cause for the trial court to issue findings of fact and conclusions of law. In response, the state agrees that the trial court erred in denying Sapp's petition without filing findings of fact and conclusions of law, as required by R.C. 2953.21(C). The state insists, however, that the above-captioned cause must be dismissed, rather than remanded, as the trial court's judgment entry is not a final, appealable order.
Upon review, we find the state's argument to be persuasive. At the outset, we note that our prior decisions, and those of other Ohio appellate courts, have been inconsistent regarding the proper disposition of an appeal when a defendant alleges that the trial court erred in denying his post-conviction relief petition without findings of fact and conclusions of law. At times, we have reversed the trial court's judgment and remanded the cause for the issuance of findings of fact and conclusions of law. See, e.g., State v. Riggins (1993), 91 Ohio App.3d 350;State v. Bess (Aug. 1, 1997), Clark App. No. 96-CA-0066. On other occasions, we have dismissed the appeal for lack of a final, appealable order. See, e.g., State v. Mitchell (Dec. 7, 1988), Montgomery App. No. 10956; State v. Payne (June 6, 1992), Montgomery App. No. 13016. A thorough review of Ohio law persuades us that the latter approach is the correct one.
In State v. Lester (1975), 41 Ohio St.2d 51, the Ohio Supreme Court found that the trial court had erred in denying a petition for post-conviction relief without issuing findings of fact and conclusions of law. As a result, the Lester court remanded the matter to the trial court for the issuance of such findings of fact and conclusions of law. Seven years later, in State v. Mapson (1982), 1 Ohio St.3d 217, the Ohio Supreme Court again recognized that a judgment entry denying post-conviction relief must include findings of fact and conclusions of law. In Mapson, however, the court reasoned "that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom." Similarly, inState ex rel. Ferrell v. Clark (1984), 13 Ohio St.3d 3, the court held that a judgment entry denying post-conviction relief without findings of fact and conclusions of law is not a final, appealable order. As a result, a defendant cannot appeal from such an entry.[1] Id.
Although Mapson cites Lester, Mapson does not discuss the fact thatLester required a remand for findings of fact and conclusions of law rather than a dismissal for lack of a final, appealable order. In any event, in Mapson and Ferrell, both of which post-date Lester, the Ohio Supreme Court unambiguously held that a judgment entry denying post-conviction relief without findings of fact and conclusions of law is not a final, appealable order from which an appeal may be taken. In the present case, the trial court's judgment entry does not include the required findings of fact and conclusions of law. Consequently, on the authority of Mapson and Ferrell, we hereby DISMISS the present appeal for lack of a final, appealable order.
BROGAN, J. and FAIN, J., concur.
[1] In Ferrell, the court noted that the proper remedy is for a defendant to seek a writ of mandamus directing the trial court to issue findings of fact and conclusions of law.