[Cite as *State v. Trujillo*, 2025-Ohio-2069.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                     :

                                  No. 114113

    v.                                      :

JOSE TRUJILLO,                                  :

    Defendant-Appellant.                    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 12, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-671261-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen L. Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Kimberly Kendall Corral and Gabrielle M. Ploplis, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant Jose Trujllo ("Trujillo") appeals the judgment of the Cuyahoga County Court of Common Pleas denying his petition for postconviction relief without a hearing. He assigns the following errors:

The trial court erred in failing to issue a finding of fact and conclusions of law in issuing its decision as to Trujillo's postconviction petition.

The trial court erred in relying solely on the holding of *State v. Osborn* to deny Trujillo an evidentiary hearing, and ultimately, relief pursuant to his postconviction petition without applying the *Calhoun* factors.

{¶ 2} After a thorough review of the applicable law and facts, we reverse the judgment of the trial court and remand this matter for further proceedings for the trial court to issue findings of fact and conclusions of law related to the denial of Trujillo's petition for postconviction relief.

## I. Factual and Procedural History

{¶ 3} Trujillo was convicted of 21 counts relating to the rape and sexual abuse of four victims ranging in age from 5-15 years with whom he had familial or quasi-familial relationships. He was sentenced to an aggregate prison term of 141 years to life imprisonment without the possibility of parole. His conviction and sentence were both affirmed by this court in *State v. Trujillo*, 2023-Ohio-4068 (8th Dist.).

{¶ 4} Following his appeal, Trujillo filed a timely petition for postconviction relief, arguing that his trial counsel had been ineffective because he failed to inform Trujillo about the potential sentence for some of the rape counts. He claimed that he would have accepted an earlier plea offer from the State had he known that he could still be sentenced to life without parole. In support of his petition, Trujillo presented his own affidavit along with text messages between his trial counsel and his family.

{¶ 5} The State opposed the petition. The trial court denied the petition without hearing, stating that "[a] petition supported only by self-serving affidavits is 'insufficient to trigger the right to a hearing or to justify granting the petition.'" The court cited *State v. Osborn*, 2019-Ohio-2325 (8th Dist.), in support of this proposition.

{¶ 6} Trujillo then filed the instant appeal.

## II. Law and Analysis

### A. Failure to Set Forth Findings of Fact and Conclusions of Law

{¶ 7} In his first assignment of error, Trujillo argues that the trial court erred in failing to issue findings of fact and conclusions of law in denying his petition. We agree.

{¶ 8} R.C. 2953.21(D) provides:

Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript . . . . If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

{¶ 9} Accordingly, the statute requires that the trial court issue findings of fact and conclusions of law when dismissing a petition. The same obligation is reiterated in R.C. 2953.21(H) regarding the denial of a petition ("If the court does not find grounds for granting relief, it *shall* make and file findings of fact and

conclusions of law and shall enter judgment denying relief on the petition." (Emphasis added.) As evidenced by the use of "shall" in the statute, the issuance of findings of fact and conclusions of law is mandatory. *See State v. Maxwell*, 2020-Ohio-3027, ¶ 12 (8th Dist.) (When denying a petition for postconviction relief, the statute "requires the trial court to make and file findings of fact and conclusions of law setting forth its findings on each issue presented and a substantive basis for its disposition of each claim for relief advanced."), citing *State v. Lester*, 41 Ohio St.2d 51 (1975). The findings of fact and conclusions of law apprise the petitioner of the basis for the court's disposition and facilitate meaningful appellate review. *Maxwell* at *id.*, citing *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19 (1988).

{¶ 10} Trujillo cites *State v. Miller*, 2023-Ohio-3448 ("*Miller II*"), in support of his argument that the trial court was required to provide findings of fact and conclusions of law in its decision. In *Miller*, the Supreme Court of Ohio affirmed the opinion of this court that upheld the trial court's denial of Miller's motion for a new trial and petition for postconviction relief. *State v. Miller*, 2022-Ohio-378, ¶ 26 (8th Dist.) ("*Miller I*"). Miller's motion and petition were based, in part, on claimed newly discovered evidence that consisted of a sworn statement of an eyewitness that contradicted his trial testimony. The *Miller I* Court ultimately determined that the trial court did not err in denying the petition without holding an evidentiary hearing because "Miller did not raise any recognized constitutional claim or substantive ground for relief . . . ." The panel noted that the trial court did not need a hearing to determine that the sworn statement lacked credibility.

{¶ 11} The trial court did not set forth findings of fact and conclusions of law in its denial of the motion and petition; the journal entry consisted simply of a summary denial of both filings. The parties did not raise this issue in *Miller I*.

{¶ 12} In *Miller II,* three justices voted to affirm the opinion in *Miller I*. In a concurring opinion, the justices stated:

> Initially, it must be noted that the trial court did not comply with the mandates of the postconviction-relief statute. R.C. 2953.21(D) provides that if a trial court "dismisses the petition," the court must "make and file findings of fact and conclusions of law with respect to such dismissal." This court has held that the language of that provision is mandatory. *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. Therefore, the trial court's two-sentence entry denying the petition for postconviction relief was insufficient.

*Id.* at ¶ 25 (Kennedy, J., concurring).

{¶ 13} The three dissenting justices also acknowledged that they did not agree with "the trial court's decision not to provide any reasoning to support its denial of Miller's motion." *Id.* at ¶ 36 (Donnelly, J, dissenting).[1]

{¶ 14} Thus, Trujillo is correct that the concurring and dissenting opinions in *Miller II* reiterated the trial court's statutory obligation to provide findings of fact and conclusions of law under the statute. The State maintains that the trial court met this burden through its statement that Trujillo's affidavit was self-serving and insufficient to support his petition. The State contends that the provided reasoning

---

[1] The remaining justice would have dismissed the appeal as being improvidently granted.

was "sufficient to apprise Trujillo of the basis of the trial court's denial and allow this [c]ourt to review the denial."

{¶ 15} As noted recently by this court, "findings of fact and conclusions of law should be 'explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision.'" *State v. Baldwin*, 2025-Ohio-1260, ¶ 13 (8th Dist.), quoting *State v. Porter*, 2021-Ohio-4630, ¶ 19 (7th Dist.). In *Baldwin*, this court reviewed the denial of a petition for postconviction relief where the trial court stated as follows:

> Defendant's motion petition [sic] to vacate or set aside sentance [sic] and conviction pursuant to R.C. 2953.21 is denied.
>
> Defendant has failed to state substantive grounds to establish that he is entitled to relief. Specifically, defendant's petition fails to establish that counsel's performance was deficient and that he was prejudiced thereby in that the victim's initial disclosure was made prior to any claim of improper conduct by the government.

{¶ 16} The *Baldwin* Court reversed the judgment of the trial court, holding that "the trial court's single finding of fact and two conclusions of law [we]re insufficient to apprise Baldwin of the basis for its decision and to facilitate appellate review." *Id.* at ¶ 20.

{¶ 17} In the instant matter, the trial court did not set forth any findings of fact and, at most, issued one conclusion of law. Further, the court only addressed Trujillo's affidavit and did not mention the exhibit reflecting text messages between

Trujillo and his family. We do not find that this is sufficient to comply with the statute.

{¶ 18} Consequently, we find that the trial court erred in failing to issue findings of fact and conclusions of law in conjunction with its denial of the petition. The court's two-sentence journal entry is insufficient to meet the statutory requirements. Trujillo's first assignment of error is sustained.

## B. *Osborn/Calhoun*

{¶ 19} Trujillo's second assignment of error contends that the trial court erred by relying upon *Osborn* and not applying the factors of *State v. Calhoun*, 86 Ohio St.3d 279 (1999), when it denied Trujillo an evidentiary hearing.

{¶ 20} *Calhoun* set forth certain factors for the court to utilize in determining the credibility of supporting affidavits presented with petitions for postconviction relief:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

*Id.* at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 754-756 (1st Dist. 1994).

{¶ 21} In *Osborn*, this court noted that a petitioner is not automatically entitled to a hearing on his or her petition for postconviction relief and must present

evidence that "demonstrates a cognizable claim of constitutional error." *Id.* at ¶ 8. The *Osborn* Court cited the above factors from *Calhoun* in ultimately affirming that the trial court had not abused its discretion in denying the inmate's petition because his affidavit was self-serving and not credible.

{¶ 22} In the instant matter, in its journal entry denying the petition, the trial court characterized Trujillo's affidavit as "self-serving," and cited to *Osborn* in support of its determination that such an affidavit did not entitle Trujillo to an evidentiary hearing on his petition. Because the trial court did not issue findings of fact and conclusions of law, though, we cannot say whether the trial court assessed the credibility of Trujillo's affidavit under the *Calhoun* factors or made any determination regarding the text messages attached to Trujillo's affidavit. "'A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur.'" *State v. Cody*, 2015-Ohio-2764, ¶ 34 (8th Dist.), quoting *Calhoun* at 285.

{¶ 23} We have already determined above that this matter must be remanded to the trial court for the issuance of findings of fact and conclusions of law. Among these must be some analysis of the credibility of Trujillo's affidavit. Thus, this assignment of error is moot.

{¶ 24} Judgment reversed. This matter is remanded for the trial court to issue findings of fact and conclusions of law related to the denial of Trujillo's petition for postconviction relief.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR