OPINION *Page 2 
{¶ 1} Defendant-appellant Jerry R. Francis, Jr. appeals the May 17, 2007 Entry entered by the Guernsey County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee the State of Ohio, and denied Appellant's Petition for Post-Conviction Relief.
 STATEMENT OF THE CASE[1] {¶ 2} On May 14, 1997, the Guernsey County Grand Jury indicted Appellant on four counts of rape, in violation of R.C. 2907.02, and four counts of gross sexual imposition, in violation of R.C. 2907.05. The charges arose from allegations involving Appellant's son, Jerry Ray Frances, III. A bench trial commenced on April 15, 1998. The trial court found Appellant guilty as charged. Via Judgment Entry filed June 1, 1998, the trial court sentenced Appellant to a total aggregate term of incarceration of twenty-two years. The trial court also classified Appellant as a sexual predator. Appellant filed a timely Notice of Appeal to this Court, which affirmed his conviction and sentence.State v. Francis (Jan. 25, 2000), Guernsey App. No. 98CA13, unreported.
 {¶ 3} On December 21, 1998, Appellant filed a Petition for Post-Conviction Relief, asserting trial counsel was ineffective. Via Entry filed June 4, 1999, the trial court denied Appellant's petition without an evidentiary hearing. Appellant filed a timely Notice of Appeal to this Court. After reviewing the affidavits attached to Appellant's petition in light of the trial testimony, this Court found the trial court did not err in finding trial counsel was not ineffective for failing to present evidence of Appellant's character and the victim's character, but concluded the trial court should have conducted a *Page 3 
hearing to develop the "direct testimony" of retaliation and to qualify such testimony under Evid. R. 613(B). This Court reversed and remanded the matter to the trial court for a hearing with the limited purpose of review pursuant to Evid. R. 613(B). State v. Francis (Feb. 23, 2000), Guernsey App. No. 98CA24, unreported.
 {¶ 4} Upon remand, the trial court conducted a hearing after which it denied Appellant's petition. Appellant again appealed to this Court, which overruled Appellant's first assignment of error, but sustained his second assignment of error, and reversed and remanded for the trial court to review and consider expert testimony. State v. Francis, Guernsey App. No. 01CA05, 2002-Ohio-990. Upon remand, the trial court concluded, even in light of the expert testimony, Appellant was not deprived his right to effective assistance of counsel. The trial court memorialized its ruling via Entry filed May 15, 2002. Appellant appealed to this Court, which affirmed the trial court. State v. Francis, Guernsey App. No. 02CA09, 2003-Ohio-2801.
 {¶ 5} Appellant subsequently filed a petition for post-conviction relief on March 19, 2007. Via Entry filed March 26, 2007, the trial court granted the State twenty days in which to respond to the petition. The State filed a motion for summary judgment on April 12, 2007. Via Entry filed May 17, 2007, the trial court granted the State's motion for summary judgment, and denied Appellant's petition for post-conviction relief.
 {¶ 6} It is from this Entry Appellant appeals, raising the following assignments of error:
 {¶ 7} "I. TRIAL COURT ABUSED IT'S DISCRETION BY INSTRUCTING THE STATE TO FILE FOR SUMMARY JUDGMENT. *Page 4 
 {¶ 8} "II. TRIAL COURT ABUSED IT'S DISCRETION BY GRANTING SUMMARY JUDGMENT AND NOT CONSIDERING THE MERITS OF THE CLAIM OR PROVIDING CONCLUSION OF LAW AND FACTS AND FINDING.
 {¶ 9} "III. TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND VIOLATING THE APPELLANTS CONSTITUTIONAL RIGHTS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHT AND EQUAL PROTECTION WHILE SUSTAINING AN UNCONSTITUTIONAL MAXIMUM/CONSECUTIVE SENTENCE."
 II {¶ 10} Because we find Appellant's second assignment of error to be dispositive of the instant action, we shall address said assignment of error first. In his second assignment of error, Appellant contends the trial court abused its discretion in granting summary judgment in favor of the State without considering the merits of his claims or providing findings of fact or conclusions of law.
 {¶ 11} Before we discuss the merits of this case, we must determine whether the May 17, 2007 Entry, denying Appellant's petition for post-conviction relief is a final, appealable order. R.C. 2953.21(C) and (G) require a common pleas court to issue findings of fact and conclusions of law when it dismisses a petition for post-conviction relief.
 {¶ 12} The Ohio Supreme Court has held: "R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom." State v. Mapson *Page 5 
(1982), 1 Ohio St.3d 217, 218. Similarly, in State ex rel. Ferrell v.Clark (1984), 13 Ohio St.3d 3, 469 N.E.2d 843, the Supreme Court held a judgment entry denying post-conviction relief without findings of fact and conclusions of law is not a final, appealable order, and as a result, a defendant cannot appeal from such an entry. Id. TheFerrell Court noted the proper remedy for a defendant is to seek a writ of mandamus directing the trial court to issue findings of fact and conclusions of law. Id. at footnote 1.
 {¶ 13} This Court recently addressed the identical issue in State v.Pressley (May 19, 2008), Muskingum App. No. CT2007-0044, unreported. Therein, we reviewed the aforementioned Ohio Supreme Court decisions, and dismissed the appellant's appeal for lack of a final appealable order.
 {¶ 14} In the instant action, the trial court's May 17, 2007 Entry states:
 {¶ 15} "The Court finds that the party seeking summary judgment `bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.'* * * When the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts `showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' * * *
 {¶ 16} "The Court finds that the Plaintiff has met its burden, having identified relevant Ohio law. The Court further finds that the Defendant has failed to meet his burden." *Page 6 
 {¶ 17} We find this statement by the trial court of the procedure to be followed in deciding summary judgment motions and conclusory denial of Appellant's PCR petition does not satisfy the requirement issuing Findings of Fact and Conclusions of Law. We find, based upon the Ohio Supreme Court's Decision in Ferrell, supra, the May 17, 2007 Entry does not constitute a final appealable order. Accordingly, we dismiss Appellant's appeal.
 Hoffman, P.J., Gwin, J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, Appellant's appeal is dismissed for lack of jurisdiction. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's conviction is not necessary for our disposition of this appeal; therefore, such shall not be included herein. *Page 1