[Cite as *State v. Evans*, 2012-Ohio-1120.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    11CA0020-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH R. EVANS | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.    08-CR-0536 |

DECISION AND JOURNAL ENTRY

Dated: March 19, 2012

CARR, Judge.

{¶1}    Appellant, Joseph Evans, appeals the order of the Medina County Court of Common Pleas denying his petition for post-conviction relief.  This Court dismisses the appeal as it is not taken from a final, appealable order.

I.

{¶2}    On December 3, 2008, the Medina County Grand Jury indicted Evans on three counts of rape of a minor under the age of thirteen in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and one count of pandering obscenity of a minor in violation of R.C. 2907.321(A)(5), a felony of the fourth degree.  The alleged victim of the aforementioned offenses was Evans' daughter, M.E.  Evans pleaded not guilty to the charges at his arraignment. On June 29, 2009, Evans withdrew his plea of not guilty and entered a plea of no contest to the pandering obscenity charge.  The remaining three counts were tried to a jury.  The jury subsequently found Evans guilty of two counts of rape of a minor under the age of thirteen and

one count of the lesser-included offense of gross sexual imposition, in violation of R.C. 2907.05. Evans was sentenced to consecutive terms on all four counts, totaling twenty-two and a half years in prison. The sentencing entry was journalized on July 31, 2009.

{¶3} Evans filed a direct appeal to this Court. On appeal, Evans argued that trial counsel provided ineffective assistance of counsel; that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence; and that the trial court erred in imposing consecutive prison sentences. On August 2, 2010, this Court affirmed the trial court's judgment. *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545.

{¶4} On July 28, 2010, while his direct appeal was still pending, Evans filed a pro se petition for post-conviction relief pursuant to R.C. 2953.21. The trial court appointed counsel to represent Evans on July 29, 2010. Evans supplemented his petition on September 23, 2010, and October 14, 2010. A hearing was held on Evans' petition over the course of three days on October 15, 2010, December 17, 2010, and January 21, 2011. The trial court issued a journal entry denying the petition on January 26, 2011.

{¶5} On February 25, 2011, Evans filed his notice of appeal. On appeal, Evans raises two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO MAKE AND FILE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW, AS REQUIRED UNDER R.C. 2959.21(G), WHERE THE TRIAL COURT DID NOT FIND GROUNDS FOR RELIEF AND DENIED THE DEFENDANT'S PETITION FOR POSTCONVICTION RELIEF.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT'S PETITION FOR POSTCONVICTION RELIEF WHERE TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE

ASSISTANCE BY (1) FAILING TO LOCATE AND SUBPOENA AN ESSENTIAL DEFENSE WITNESS OR TO USE THE INFORMATION PROVIDE[D] BY THAT DEFENSE WITNESS TO IMPEACH THE ALLEGED VICTIM AND HER MOTHER ON CROSS-EXAMINATION AT TRIAL; AND (2) FAILING TO ADVISE DEFENDANT OF A PLEA BARGAIN OFFER MADE BY THE STATE PRIOR TO TRIAL.

{¶6} In his first assignment of error, Evans argues that the trial court did not make the required findings of fact and conclusions of law in denying his petition for post-conviction relief. In his second assignment of error, Evans argues that the trial court erred in denying his petition for post-conviction relief. We dismiss the appeal as the trial court's journal entry does not constitute a final, appealable order.

{¶7} R.C. 2953.21(G) states, "If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." "[T]he general purpose of R.C. 2953.21 is to provide judicial review of the allegations raised in a prisoner's petition, in order to provide a remedy for violation of constitutional rights." *State v. Lester*, 41 Ohio St.2d 51, 56 (1975). The Supreme Court of Ohio has articulated the following policy considerations in discussing the requirement that a trial court make findings in denying a petition for post-conviction relief:

> The obvious reasons for requiring findings are "*** to apprise petitioner of the grounds for the judgment of the trial court and enable the appellate courts to properly determine appeals in such cause." *Jones v. State*, 8 Ohio St.2d 21, 22 (1966). The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

*State v. Mapson*, 1 Ohio St.3d 217, 219 (1982).

{¶8} This Court has noted that "by squarely addressing [the] constitutional claim, the trial court's order constituted adequate findings of fact and conclusions of law." *State v. Fischer*,

9th Dist. No. 18204, 1997 WL 537661, *2, fn.2 (August 20, 1997). A judgment entry filed without findings of fact and conclusions of law is not a final, appealable order. *State v. Beard*, 9th Dist. No. 07CA009240, 2008-Ohio-3722, ¶ 2, citing *Mapson*, 1 Ohio St.3d at 218. This Court's position that a trial court's failure to make the statutorily required findings renders the order non-final rests upon our interpretation of *Mapson*. The controversy in *Mapson* arose when a trial court dismissed a petition for post-conviction relief without making findings of fact and conclusions of law. More than two months after the trial court's entry was journalized, the petitioner filed a notice of appeal. The Court of Appeals dismissed the appeal on the basis that it was not timely filed. Seven months after the trial court's order dismissing the petition was filed, the trial court issued findings of fact and conclusions of law in support of its decision. The Supreme Court granted the petitioner's motion for leave to appeal. The Supreme Court held that "R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom." *Id*. at 218. While the *Mapson* decision contains language suggesting that the court implicitly agreed with prior cases stating that a trial court's failure to make the statutorily required findings was prejudicial error, the court's ultimate holding was that the court of appeals was incorrect in concluding that the trial court's dismissal order which lacked the statutorily required findings commenced the running of the time period to perfect a timely appeal. *Id*. at 220. Thus, an order which "does not include such statutorily mandated findings is incomplete and does not constitute a final appealable order." *State v. Hickman*, 9th Dist. No. 22279, 2005-Ohio-472, at ¶ 8, citing *Mapson*, 1 Ohio St.3d at 218.

{¶9} Turning to the instant matter, Evans filed his pro se petition on July 28, 2010. After counsel was appointed, Evans supplemented his petition on September 23, 2010. In support of his petition, Evans set forth two separate arguments relating to the performance of trial counsel. First, Evans argued that trial counsel was ineffective for failing to call an essential witness who had knowledge that the victim, M.E., had recanted on her allegations against Evans prior to trial. Evans also argued that trial counsel was ineffective for failing to inform him of a plea offer from the State made prior to the commencement of trial. Attached to the September 23, 2010 supplement were the affidavits of Evans' wife, Nicole; Evans' father, Alan; and the man who allegedly had knowledge of M.E.'s recantation, Joshua Pettitt. Evans further supplemented his petition on October 14, 2010, in order to submit his own affidavit, as well as the affidavit of Randy Bodosi, a close personal friend of Evans.

{¶10} The hearing on the petition was set to go forward on October 15, 2010, at which time Evans' attorney and the prosecutor appeared in the trial court. The parties promptly agreed to continue the hearing and no substantive issues were addressed. On November 16, 2010, the trial court issued a journal entry indicating that the hearing scheduled for November 19, 2010, had been continued to December 17, 2010, at the request of the State. The parties again appeared in the trial court on December 17, 2010. At the outset of the hearing, counsel for Evans stated, "The last time we were here in November, November 19th of 2010, we had our witness Josh Pettitt here. He was subpoenaed at that time and had remained in contact with us. He is not here today." A review of the hearing transcript reveals that Evans presented the testimony of Zsusanna Danielson, his mother, as well as Alan Evans, and Nicole Evans on December 17, 2010. The testimony at the hearing covered a range of issues, including both arguments Evans made in support of his petition. Pettitt was again unavailable to testify when the parties appeared

before the trial court on January 21, 2011. Evans, however, did testify on his own behalf on the final day of the hearing.

{¶11} The trial court denied the petition on January 26, 2011. The trial court's journal entry denying the petition contained the following analysis:

> This hearing was originally scheduled for August 20, 2010, but was continued by the defense to September 24, 2010. The hearing for September 24, 2010 was continued by the defense in order to find a witness, Josh Petit (sic). The hearing was continued to November 19, 2010.
>
> That hearing was rescheduled to December 17, 2010 when testimony was heard. The defense asked for a continuance in order to find Josh Petit (sic) again which was granted. On January 21, 2011, the witness did not appear again.
>
> After hearing the testimony of the witnesses, the Court hereby finds that the defendant presented no evidence which convinced the Court that [trial counsel] was ineffective. Further, the defendant presented no witness that the victim recanted her testimony. The motion is denied.

The trial court's judgment entry did not sufficiently apprise Evans of the basis for the denial of his petition. As noted above, the purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *Mapson*, 1 Ohio St.3d at 219. While the trial court appears to have discussed both issues Evans raised in support of his petition at the conclusion of the hearing on January 21, 2011, it did not squarely address both issues in its judgment entry denying the petition. The trial court did not discuss the nature of the evidence presented at the hearing and make findings of fact, nor did it make conclusions of law. As the trial court did not sufficiently apprise Evans of the reasons why the petition for post-conviction relief was denied, the trial court's journal entry does not constitute a final, appealable order. *See Hickman* at ¶ 8.

III.

**{¶12}** The trial court's journal entry in this case is not a final, appealable order. The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

**{¶13}** I concur in judgment out of deference to our precedent. However, if I were writing without regard to stare decisis, I would conclude that the judgment in this case is final and appealable. Although we have previously interpreted *State v. Mapson,* 1 Ohio St.3d 217 (1982), as requiring this Court to dismiss appeals from denials of post-conviction relief which fail to include findings of fact and conclusions of law, *see, e.g., State v. Beard*, 9th Dist. No.

07CA009240, 2008-Ohio-3722, ¶ 2, I do not reach the same conclusion. There is language in both *Mapson* and *State v. Lester,* 41 Ohio St.2d 51(1975), that supports the conclusion that the failure of a trial court to include findings of fact and conclusions of law is prejudicial error, and not a jurisdictional defect. *Mapson* at 219 (noting that the Court has implicitly agreed with cases holding "that the failure of a trial judge to make the required findings is prejudicial error[]"); *Lester* at 56 (concluding it was error when "the [trial] court did not make and file findings of fact and conclusions of law * * * []").

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶14} I concur in judgment for the reasons expressed in Judge Belfance's opinion.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.