[Cite as *State v. Kinstle*, 2013-Ohio-850.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 1-12-32

     v.

NICHOLAS J. KINSTLE,           O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court

Trial Court No. CR 2011 0048

Appeal Dismissed

Date of Decision: March 11, 2013

APPEARANCES:

    *Nicholas J. Kinstle,* Appellant

    *Jana E. Emerick* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Nicholas J. Kinstle ("Kinstle") appeals the June 28, 2012, judgment of the Allen County Common Pleas Court denying his petition for post-conviction relief. For the reasons that follow, we dismiss the appeal.

{¶2} On February 17, 2011, the Allen County grand jury returned an indictment against Kinstle, charging him with twenty-three counts of Intimidation in violation of R.C. 2921.03(A), each count being a felony of the third degree.

{¶3} On June 27, 2011, a jury trial commenced in this case. On June 29, 2011, the jury returned a verdict finding Kinstle guilty of all counts in the indictment.

{¶4} On July 14, 2011, a sentencing hearing was held wherein Kinstle was sentenced to four years in prison on each count, with counts 1 through 12 to run concurrently and counts 13 through 23 to run concurrently, but with the sentence on counts 1 through 12 to run consecutively to the sentence on counts 13 through 23 for an aggregate prison sentence of 8 years. A judgment entry reflecting that sentence was filed on July 19, 2011.

{¶5} Subsequently Kinstle filed a direct appeal of his conviction and sentence to this court. We overruled Kinstle's assignments of error and affirmed. *See State v. Kinstle*, 3d Dist. No. 1-11-45, 2012-Ohio-5952.

{¶6} On June 4, 2012, while Kinstle's appeal was pending in this court, Kinstle filed a petition for postconviction relief with the trial court.

{¶7} On June 28, 2012, the trial court filed a judgment entry summarily overruling Kinstle's position. It is from this judgment that Kinstle appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING THE "PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE" AS A VIOLATION OF THE 14TH AMENDMENT, UNITED STATES OF AMERICA CONSTITUTION [SIC], AS WELL AS ARTICLE I, SECTION 1 OF THE OHIO CONSTITUTION.**

{¶8} In his assignment of error, Kinstle makes various arguments as to why the trial court erred in denying his postconviction relief petition.

{¶9} Before we can reach the merits of Kinstle's assignment of error, we must determine whether the entry Kinstle appealed from is a final, appealable order. Ohio Appellate Courts have appellate jurisdiction over final and appealable orders. Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment appealed from is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *State v. O'Black*, 3d Dist. No. 1-09-46, 2010-Ohio-192, ¶4, citing *State v. Sandlin*, 4th Dist. No. 05CA23, 2006-Ohio-5021, ¶ 9, citing *Davison v. Rini*, 115 Ohio App.3d 688, 692 (4th Dist.1996).

Moreover, we must raise jurisdictional issues *sua sponte*. *In re Murray*, 52 Ohio St.3d 155, 159-60, fn. 2.

{¶10} Revised Code 2953.21 governs postconviction relief petitions. Revised Code 2953.21 (C), and (G) require a trial court to make and file findings of fact and conclusions of law setting forth its findings on the issues presented and a substantive basis for its disposition of each claim for relief advanced in the position. *State v. Zamora*, 3d Dist. No. 11-08-05, 2008-Ohio-4410, ¶ 17 citing *State v. Calhoun*, 86 Ohio St.3d 279, 291, 1999-102; *State v. Lester*, 41 Ohio St.2d 51 (1975). The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the court's disposition and to facilitate meaningful appellate review. *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19 (1988). A trial court "need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun*, *supra*, at 291-92.

{¶11} It has been well established that the failure of a trial court to issue findings of fact and conclusions of law means that the judgment entry dismissing the petition is not a final, appealable order. *See*, *e.g.*, *State v. Evans*, 9th Dist. No. 10CA0020-M, 2012-Ohio-1120; *State v. Loper*, 8th Dist. Nos. 81400, 81297,

81878, 2003-Ohio-3213, ¶ 106; *State v. Zamora*, 3d Dist. No. 11-08-05, 2008-Ohio-4410, ¶ 17.

**{¶12}** Kinstle filed his "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" on June 4, 2012. (Doc. 228). The petition was seventy-two pages and included multiple appendices. (*Id*.) The petition contained in excess of twenty proposed grounds for relief. (*Id*.)

**{¶13}** The trial court filed its judgment entry on the matter on June 28, 2012. The trial court's entry reads, in its entirety, as follows:

> **This matter came on for consideration on this 25th day of June, 2012 upon Defendant's Motion Petition to Vacate or Set Aside Judgment of Conviction or Sentence. The Court, having carefully considered said motion, finds it <u>not well taken.</u>**
>
> **IT IS THEREFORE ORDERED AND DECREED that the Defendant's Motion Petition to Vacate or Set Aside Judgment of Conviction or Sentence be, and hereby is <u>overruled</u>.**

(Emphasis in original.) (Doc. 239).

**{¶14}** Thus the trial court did not make any findings of fact or conclusions of law. In its brief to this court, the State concedes that the judgment entry does not contain findings of fact and conclusions of law and that therefore the appeal is not properly before this court as it is not a final appealable order.

**{¶15}** In light of the lack of findings, and the State's concession, we are compelled to dismiss this appeal for lack of jurisdiction as the entry appealed from is not a final appealable order absent findings of fact and conclusions of law.

{¶16} Accordingly, for the foregoing reasons, the appeal is dismissed.

*Appeal Dismissed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**