[Cite as *State v. Harding*, 2018-Ohio-5051.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-03-008 |
| Appellee, | : | O P I N I O N<br>12/17/2018 |
| | : | |
| - vs - | : | |
| | : | |
| KELLY L. HARDING, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CRI 20160016

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, OH 43140, for appellee

Kelly L. Harding, No. A730688, Chillicothe Correctional Institution, 15802 State Route 104 North, Chillicothe, OH 45601, appellant, pro se

**M. POWELL, J.**

{¶ 1} Appellant, Kelly L. Harding, appeals a decision of the Madison County Court of Common Pleas denying his petition for postconviction relief. For the reasons that follow, we dismiss the appeal.

{¶ 2} Appellant was indicted in 2016 for possession of marijuana and criminal tools. The charges arose from the traffic stop of a vehicle driven by appellant. A search of the

vehicle yielded approximately 123 pounds of marijuana. Appellant moved to suppress the marijuana, claiming that the search of the car was unconstitutional. The trial court overruled the motion and the matter proceeded to a jury trial. In November 2016, the jury found appellant guilty as charged, and the trial court sentenced appellant to an aggregate eight-year prison term. We subsequently upheld appellant's conviction and sentence. *State v. Harding*, 12th Dist. Madison No. CA2016-11-029, 2017-Ohio-8930.

{¶ 3} In December 2017, appellant filed a petition for postconviction relief ("PCR"), challenging his conviction and sentence and raising three grounds for relief. On March 5, 2018, the trial court summarily denied the PCR petition without a hearing on the basis of the doctrine of res judicata.

{¶ 4} Appellant now appeals, raising three assignments of error:

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN IT DENIED AND DISMISSED PETITIONER'S PROPERLY FILED PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE ALLEGING ISSUES OUTSIDE THE RECORD, WITHOUT ANY REAL REVIEW OR HOLDING A HEARING; BY INCORRECTLY RULING THAT THE ISSUE OF THE VIDEO PRESENTED WAS NOT THE ORIGINAL VIDEO AND THE ISSUE HAS BEEN PREVIOUSLY LITIGATED OR COULD HAVE BEEN; INCORPORATING THE STATE'S FLAWED ARGUMENT THAT SUCH MATTER IS BARRED BY DOCTRINE OF RES JUDICATA.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN IT DENIED AND DISMISSED PETITIONER'S PROPERLY FILED PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE ALLEGING ISSUES OUTSIDE THE RECORD, WITHOUT ANY REAL REVIEW OR HOLDING A HEARING; BY

INCORRECTLY RULING THAT THE MULTIPLE INSTANCES OF PROSECUTORIAL MISCONDUCT, FULLY DISCOVERED AFTER TRIAL AND DIRECT APPEAL, ESPECIALLY WITHHOLDING OF DISCOVERY AND BRADY MATERIALS; AND ARE ISSUES THAT HAVE BEEN PREVIOUSLY LITIGATED OR COULD HAVE BEEN, AND SUCH MATTERS ARE BARRED BY DOCTRINE OF RES JUDICATA.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN IT DENIED AND DISMISSED PETITIONER'S PROPERLY FILED PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE ALLEGING ISSUES OUTSIDE THE RECORD, WITHOUT ANY REAL REVIEW OR HOLDING A HEARING; BY INCORRECTLY RULING THAT THE ADDITIONAL ISSUES OF CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, ESPECIALLY THE FAILURE TO DEPOSE, FILE AFFIDAVIT OR CALL A NEEDED WITNESS, CRAIG VOIGT, WHO WAS A PASSENGER IN THE CAR DURING QUESTIONABLE TRAFFIC STOP; FULLY DISCOVERED AFTER TRIAL AND DIRECT APPEAL, AND SUPPORTED BY NEW AFFIDAVITS; ARE ISSUES THAT HAVE BEEN PREVIOUSLY LITIGATED OR COULD HAVE BEEN AND BARRED BY RES JUDICATA.

{¶ 11} R.C. 2953.21(C) requires a trial court to "determine whether there are substantive grounds for relief" in a PCR petition and to consider the PCR petition and its supporting affidavits and documentary evidence in making that determination. If, upon such consideration, the trial court finds no grounds for a hearing and dismisses the petition, "the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition." *State v. Lester*, 41 Ohio St.2d 51, 55 (1975); R.C. 2953.21(C). Findings of fact and conclusions of law are mandatory even where a PCR petition is summarily denied. *State v. Mapson*, 1 Ohio St.3d

217, 218 (1982).

{¶ 12} Res judicata is a proper basis for dismissing a PCR petition. *Lester* at 55. "[W]hen a petition is summarily dismissed because all claims raised are barred by *res judicata*, the trial court should make and file findings of fact and conclusions of law with respect thereto, and, where appropriate, should specify the portions of the files and records which establish the bar of *res judicata*." (Emphasis sic.) *Id.* The trial court is required to "make a finding as to the substantive basis of each claim for relief contained in a petition," and "the findings of the trial court should reply to each of a petitioner's substantive claims." *Id.*

{¶ 13} The trial court denied appellant's PCR petition on the basis of res judicata in a three-line entry. The entry does not describe or discuss the specific claims raised by appellant. Further, the entry does not indicate the trial court reviewed the documents submitted in support of the PCR petition, does not contain any reference to those supporting documents, and does not explain why the supporting documents do not prevent the application of res judicata. In other words, the trial court's entry dismissing the petition simply concludes that appellant is entitled to no relief but does not set forth findings of fact and conclusions of law with regard to this holding, and thus does not satisfy the requirement for mandatory findings of fact and conclusions of law under R.C. 2953.21(C). *Lester*, 41 Ohio St.2d at 56.

{¶ 14} The Ohio Supreme Court has held that a judgment entry denying postconviction relief without findings of fact and conclusions of law is not a final, appealable order. *Mapson*, 1 Ohio St.3d at 218; *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3 (1984); *State v. Blacker*, 12th Dist. Warren No. CA2011-02-012, 2011-Ohio-3916, ¶ 18. *See also State v. Sapp*, 2d Dist. Clark No. 2002 CA 8, 2002-Ohio-3922; *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850; *State v. Francis*, 5th Dist. Guernsey No. 07CA000023,

2008-Ohio-3307.

**{¶ 15}** We therefore dismiss appellant's appeal for lack of a final appealable order.[1] As we stated in *Blacker*, "the proper disposal of [appellant's] petition for postconviction relief now requires [appellant] to file a motion with the trial court moving the court to make the requisite findings of fact and conclusions of law, and the trial court's issue of these facts and conclusions." *Blacker* at ¶ 18. "Only then can this court properly rule on the matters within [appellant's petition] for postconviction relief." *Id.*

**{¶ 16}** Appeal dismissed.

S. POWELL, P.J., and PIPER, J., concur.

---

1. We note that while appellant did not raise the trial court's failure to make and file findings of fact and conclusions of law as an assignment of error, he did argue in his brief that the trial court failed to provide specific findings of fact and conclusions of law as required by R.C. 2953.21(C). We further note that Ohio appellate courts have also sua sponte dismissed appeals of the denial of a PCR petition for lack of a final appealable order. *See State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850; *State v. Gholston*, 1st Dist. Hamilton No. C-010789, 2002-Ohio-3674; *State v. Johnson*, 9th Dist. Lorain No. 95CA006188, 1996 Ohio App. LEXIS 1830 (May 8, 1996).